IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREESHONE CORNELIUS McLEOD, AIS 229466, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. 1:23-CV-130-MHT-CSC ) |
| KAREN CARTER, WARDEN III, et al., | ) ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by Alabama inmate Freeshone McLeod on March 9, 2023. Doc. 1. McLeod challenges his convictions for first-degree rape and attempted murder entered against him by the Circuit Court of Houston County in May 2003. *Id.* at 1. That court sentenced McLeod to consecutive sentences of 99 years' imprisonment. *Id.* In this § 2254 petition McLeod presents claims regarding his trial counsel's ineffectiveness and the validity of the trial court's jurisdiction over his offenses. *Id.* at 5–7. For the reasons below, the Magistrate Judge recommends that McLeod's § 2254 petition be dismissed as a successive petition filed without the required appellate court authorization.

**II. DISCUSSION**

McLeod's § 2254 petition is his third attempt to challenge, via habeas corpus, his 2003 Houston County convictions for attempted murder and first-degree rape and resulting

term of life imprisonment. This Court denied McLeod's first § 2254 petition, which he filed in November 2005. *See McLeod v. Holt*, Case No. 1:05-cv-1123-MEF-CSC (M.D. Ala. 2007) [Doc.1]. In that habeas action, this Court denied McLeod relief on the claims in his petition and dismissed the case with prejudice. *See id.* [Docs. 37–39]. McLeod filed a second § 2254 petition in December 2018 which this Court denied as a successive petition under 28 U.S.C. § 2244(b)(3)(A). *See McLeod v. Myers,* Case No. 1:18-cv-1052-WHA-CSC (M.D. Ala. 2019) [Docs. 4, 5, 6].

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C. § 2244(b)(3)(B) & (C).

---

[1] Section 2244(b)(1) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed. Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The instant petition is a successive petition subject to the limitations of § 2244(b). McLeod furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this Court to proceed on his successive petition. "Because this undertaking [is a successive] habeas corpus petition and because [McLeod] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Bd. of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the Court of Appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, McLeod's § 2254 petition should be dismissed as a successive petition filed without the requisite preauthorization from the Eleventh Circuit Court of Appeals.

**III.   CONCLUSION**

Accordingly, the undersigned Magistrate Judge RECOMMENDS this § 28 U.S.C. § 2254 petition (Doc. 1) be DISMISSED for lack of jurisdiction as Petitioner Freeshone McLeod has failed to obtain the required order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive application.

It is further ORDERED that by **March 24, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 10th day of March 2023.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE